PELTON WATER WHEEL CO. v. ABNER DOBLE CO.

(Circuit Court, N. D. California. November 20, 1905.)

No. 13,132.

PATENTS—INFRINGEMENT—WATER-WHEEL CASING.

The Krase patent, No. 633,962, for a water-wheel casing, the main feature of the invention being a disk upon the shaft and revolving with it for the purpose of preventing water splashed upon the shaft from working into the bearings, makes a side chamber or pocket in which the disk revolves an essential element of the combination, and must be limited to the details of construction shown. As so construed, it is not infringed by the device of the Doble patents, Nos. 619,148 and 619,149, which has a circular disk used for the same purpose, but which is placed in the main casing, instead of in a separate chamber.

In Equity. On final hearing.

N. A. Acker and Wm. F. Booth, for complainant.
J. H. Miller and Frohman & Jacobs, for defendant.

MORROW, Circuit Judge. This is a suit for an infringement of a patent. The complainant is the owner of United States patent No. 633,-962, granted September 26, 1899, to the Pelton Water Wheel Company for water-wheel casing upon the application and assignment of William J. Krase.

The inventor declares in his application for a patent that he has invented "certain new and useful improvements in water-wheel casings, * * * and it consists in the arrangement of parts and details of construction." The object of the invention is to prevent water, in a water wheel, splashed upon the shaft, from making its escape from within the casing into the outside bearings. It is stated that usually a stuffing box is interposed between the casing and bearing boxes, so as to make a tight joint and thus protect the bearings, but in practical operation the water splashing upon the shaft within the casing makes its escape along the shaft through the stuffing box and works into the bearings, and this water working into the bearings interferes with proper lubrication of the bearings, and at the same time carries any dirt which may accumulate upon the shaft outside of the casings into the bearings, and keeps the surface surrounding the casing wet by the water trickling over it. To prevent the water escaping out along the shaft, there are mounted on the shaft, just inside the casing walls, circular disks, and these disks rotate with the shaft. Upon the side walls of the casing on each side is a pocket or chamber. Within these pockets or chambers the disks rotate. In the base of each pocket or chamber is an opening through which water entering the chamber or pocket may make its escape into the casing. The operation of this device is described as follows: During the operation of the water wheel the water splashed upon the rotating shaft will trickle or run thereon toward the side wall of the casing until brought into contact with the circular plates or disks. As the water travels toward the periphery, or outer edge of the plates or disks, to pass the obstruction, the same will be thrown therefrom by centrifugal force into

the pocket or chamber, and, running downward, will be discharged from the bottom thereof back into the casing. The water upon the shaft is thus prevented from escaping beyond the disks or plates, which act, so to speak, as deflecting shields for the water. Except for the open bottom, the pocket or chamber is entirely closed. Consequently the water cannot splash into said chamber or pocket, and as the walls of the chamber or pocket, including the connecting flange or web, are of circular form, the water thrown from the deflecting shields, plates, or disks rapidly moves toward the bottom or discharge portion thereof. The water is thus prevented from accumulating in the pocket or chamber. To make perfectly plain the scope of his invention, the patentee says in his specifications:

"I do not wish to be understood as claiming a casing for water wheels having side or lateral drip-compartments per se, for such is well known to me. My invention resides in the use of a shaft having disks or circular plates arranged thereon which rotate within said lateral or side-drip compartments, so as to throw the water into said compartments by centrifugal force."

Infringement is alleged of claim 1 only of the patent. That claim is as follows:

"The combination, with a water-wheel casing, of the side chambers or pockets having discharge openings therein, the power shaft passing through the casing, and of the disks, plates, or water-deflecting shields arranged thereon and working within the side chambers or pockets."

The defendant's device is part of the construction of a water wheel made under patent No. 619,148, dated February 7, 1899, issued to William A. Doble, and patent No. 619,149, dated February 7, 1899, issued to William A. Doble. The mechanism in defendant's device which prevents the water from passing along the shaft into the bearings is described by a witness as a water guard consisting of a saucer-shaped disk rotating with the power shaft of the water wheel inside the main casing or housing, and which co-operates with an inwardly-projecting circular lip or flange on the side housing. The purpose of the lip or flange is to prevent the possibility of water which falls beyond the centrifugal disk from falling down upon the shaft. It is a shaft guard. There is no supplementary chamber or pocket inside of the main casing in which the centrifugal disk revolves. In this device the water, which, passing along the shaft, has a tendency to reach the bearings, is arrested in its course by the saucer-shaped disk, and is thrown up and over the convex surface of this disk until the centrifugal action of the disk overcomes the adhesion of the water, when it is thrown off into the casing or housing. But, as the edge of the saucer-shaped disk revolving with the shaft within the casing or housing cannot be made absolutely water-tight, so as to prevent water trickling down the side of the casing between the edge of the disk and the casing, there is attached to the wall of the main casing or housing of the wheel, and within the saucer-shaped disk, an inwardly-projecting grooved lip or grooved flange, which prevents the water reaching the shaft and acts as a shaft guard. Water trickling down the side of the casing and reaching this grooved lip follows around the groove and falls off the bottom into the main casing or housing.

In this device, as well as in the complainant's, the water passing along the shaft in the direction of the bearings is arrested in its course by the revolving disk, but after that the mechanism and its operation is wholly different.  In complainant's device the water is thrown from a disk, but the disk is revolving within a supplementary chamber or pocket, while in defendant's device the disk is revolving in the main water-wheel casing.  In complainant's device the disk has only to take care of the water that passes along the shaft and into the supplementary chamber or pocket, while defendant's disk revolves in the main water wheel in the midst of all the water flowing within the wheel casing.  In the complainant's device there is no inwardly-projecting grooved lip or grooved flange attached to the wall of the casing to prevent any water that may trickle down between the side of the casing and the disk from reaching the shaft and its bearings, and the only protection the device seems to afford against this apparent defect is the size of the disk and the limited amount of water reaching the disk revolving in the pocket.

This difference in the form and construction of elements of the two devices is not denied by the complainant, but it is contended that the two devices are substantially identical, and that the complainant is entitled to its combination broadly, and that it is not confined to any particular form of water collector or director, or any specific relation of such to the disk.  It insists upon a broad construction of its claim, which will not confine it to a literal or special form of inclosed pocket and a disk literally working inside that pocket; that it is entitled to read the claim as calling for any arrangement of disk and water-collecting device working together in connection with a water-wheel casing and shaft, which will prevent the splashed water from escaping along the shaft through the casing to the bearings.

It does not appear to the court that this is a pioneer invention, and was not so claimed by the inventor in his application for the patent. He states distinctly that his invention is an improvement in water-wheel casings, and consists in the arrangement of parts and details of construction as set forth in the drawings and described and pointed out in the specifications, and he then proceeds to point out and describe the various points of the device and the details of its construction; and, in order that there may be no misunderstanding as to the extent of his claim and the character of these details, he states that he does not wish to be understood as claiming a casing for water wheels having side or lateral drip-compartments per se, for such was well known to him, but he declares that his invention resides in the use of a shaft having disks or circular plates arranged thereon, which rotate within said lateral or side drip compartments so as to throw the water into said compartments by centrifugal force.  There can be no mistake about the meaning of this language.  It describes complainant's invention accurately, and with careful detail, and the claim is equally clear in setting forth that the invention is a combination of a water-wheel casing, side chambers or pockets having discharge openings therein, the power shaft passing through the casings, and disks, plates, or water-deflecting shields arranged thereon and working within the side chambers or pockets.  We cannot enlarge this claim to include any and every arrangement of disk

and water-collecting device, for the inventor has declared that his ·invention has no such scope; and we cannot say that the side chamber or pocket is not an essential element of his invention, since he has declared that it is. Keystone Bridge Co. v. Phoenix Iron Co., 95 U. S. 274, 24 L. Ed. 344.

The complainant's invention, limited as it is to the detail of construction set forth in the specifications and claim, is not broad enough to include defendant's device, under the application of the law of equivalents. Looking at the two devices in the light of their construction and operation, it is evident that one does not perform substantially the same function or office as the other, in substantially the same way, to obtain substantially the same result. It follows that the defendant's device is not an infringement of complainant's mechanism, and the action cannot be maintained. The other defenses, that of a lack of invention, and anticipation, need not be considered.

The bill is dismissed.